UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH,

    Plaintiff,      Case No. 1:23-cv-421

v.              Honorable Robert J. Jonker

PAUL L. MALONEY et al.,

    Defendants.
_____/

**OPINION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  **Factual allegations**

    Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues Chief Judge

Hala Y. Jarbou, Judge Paul L. Maloney, and Judge Gordon J. Quist, as well as Magistrate Judge Sally J. Berens and Magistrate Judge Phillip J. Green.

Plaintiff alleges that he is entitled, under 42 U.S.C. § 1983, to recover $1.00 in nominal damages as well as injunctive relief because of the Defendants' rulings against him in other civil rights suits.

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"For a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) 'the defendant acted under color of state law;' and (2) 'the defendant's conduct deprived the plaintiff of rights secured under federal law.'" *Chambers v. Sanders*, 63 F.4th 1092, 1096 (6th Cir. 2023) (quoting *Fritz v. Charter Twp. of Comst*ock, 592 F.3d 718, 722 (6th Cir. 2010)). Defendants are federal judges and magistrate judges. Plaintiff specifically alleges that each Defendant is a "Federal Judicial officer." (Compl., ECF No. 1, PageID.2–4.) Plaintiff has failed to allege facts showing that they acted "under color of state law." Therefore, he has failed to state a claim against them.

Additionally, Plaintiff has failed to state a claim because "judges are generally absolutely immune from civil suits for money damages." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are exceptions for (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Plaintiff alleges that each Defendant was acting in his or her capacity as a judicial officer. (Compl., ECF No. 1, PageID.5.) Thus, he cannot fit within the first exception. And Plaintiff invoked the Court's jurisdiction in each of the cases within which the judges purportedly acted improperly. Thus, he cannot now claim that the Defendants acted in complete absence of all jurisdiction. In short, Plaintiff cannot state a claim against the Defendants for money damages.

The principle relief Plaintiff seeks, however, appears to be injunctive. (*Id*., PageID.6.) Injunctive relief is also not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488,

496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). Plaintiff has failed to state a § 1983 claim against the Defendants for injunctive relief as well.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:    May 16, 2023                    /s/ Robert J. Jonker
                                          Robert J. Jonker
                                          United States District Judge

4